

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

2013 FEB 19 PM 1: 18

LORETTA G. WHYTE
CLERK

| | |
|---|---|
| **GULF COAST BULK HANDLING, LLC** | **CIVIL ACTION NO.:** |
| | **SECTION:** **13-297** |
| **VERSUS** | **JUDGE:** **SECT. E MAG. 1** |
| **SUN COAST CONTRACTING SERVICES, LLC** | **MAGISTRATE:** |

## GULF COAST BULK HANDLING, LLC'S ORIGINAL COMPLAINT

The Original Complaint of Gulf Coast Bulk Handling, LLC with respect represents:

### PARTIES

#### I.

Plaintiff, Gulf Coast Bulk Handling, LLC ("GCBH") is a Louisiana limited liability company with its principal place of business in Lake Providence, Louisiana.

#### II.

Defendant, Sun Coast Contracting Services, LLC ("Sun Coast") is a Louisiana limited liability company with its principal place of business in New Orleans, Louisiana.

### JURISDICTION AND VENUE

#### III.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1333 as this is a case arising under the Court's admiralty jurisdiction and Rule 9(h) of the Federal Rules of Civil Procedure.

#### IV.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Louisiana.

Fee _____
Process Is as issued by
X Dktd _____
CtRmDep _____
Doc. No. _____

1

## **FACTUAL BACKGROUND**

### V.

In the fall of 2012 the State of Louisiana through the Department of Wildlife and Fisheries began an oyster reef planting project in Bay Crab near Venice, Louisiana ("the Project").

### VI.

To furnish the work, labor, and materials necessary to successfully carry out the Project from start to conclusion, the Department of Wildlife and Fisheries awarded the State's contract to Sun Coast.

### VII.

As general contractor for the Project, Sun Coast began subcontracting out portions of the Project to various other subcontractor entities to provide material, equipment and/or labor. One such entity was GCBH.

### VIII.

On September 11, 2012, Sun Coast contracted with GCBH for marine material handling equipment and services in connection with the Project.

### IX.

Pursuant to the contract executed between the parties, GCBH would invoice Sun Coast $2.50 per ton of material transferred in connection with the Project.

### X.

Also, pursuant to the contract executed between the parties, GCBH would be paid by Sun Coast once Sun Coast was paid by the State of Louisiana.

2

XI.

GCBH kept track of the amount of materials moved per day and would apply those outstanding amounts to Sun Coast's account at GCBH.

XII.

For the Project, GCBH was responsible for the transfer of limestone material from open hopper barges to smaller deck barges at a transfer site in Baptiste Colette, Louisiana.

XIII.

After this limestone material was transferred by GCBH to the smaller deck barges, various towboats from other subcontracting entities would move the barges into shallower water in the designated locations in Bay Crab where high pressure water cannons would then wash the material onto designated oyster reef locations. This water blasting was performed under the supervision and direction of personnel from the Louisiana Department of Wildlife and Fisheries.

XIV.

GCBH commenced transfer operations for Sun Coast on September 20, 2012 and completed the last transfer on October 3, 2012.

XV.

In total, GCBH invoiced Sun Coast for the transferring of 22,099.26 tons of material.

XVI.

The final invoice sent to Sun Coast (Invoice 1377) was sent on October 8, 2012 and totaled $55,248.15. This amount remains unpaid on Sun Coast's open account with GCBH.

3

XVII.

A representative of GCBH contacted the Louisiana Department of Wildlife and Fisheries requesting information regarding the status of payments made to Sun Coast in connection with the Project. Patrick Banks, a biologist with the Louisiana Department of Wildlife and Fisheries informed GCBH that Sun Coast had received all funds due unto them on the Project.

XVIII.

Despite being paid all sums due, Sun Coast has failed to pay GCBH the $55,248.15 due on their open account for the Project.

**CAUSES OF ACTION**

***Failure to Pay Pursuant to Louisiana Revised Statute 9:2781***

XIX.

GCBH adopts and incorporates by reference all preceding paragraphs as if copied *in extenso*.

XX.

Sun Coast is liable unto GCBH pursuant to Louisiana R.S. 9:2781 as these sums are due upon open account.

XXI.

Sun Coast is additionally liable unto GCBH under Louisiana R.S. 9:2781(A) for reasonable attorneys' fees in addition to the principal demand if they fail to pay GCBH within thirty days from citation and service of this Complaint.

### *Breach of Contract*

#### XXII.

GCBH adopts and incorporates by reference all preceding paragraphs as if copied *in extenso*.

#### XXIII.

Sun Coast entered into a written contract with GCBH for the aforementioned labor and equipment to be used in connection with the Project.

#### XXIV.

Sun Coast has breached this contract by failing to pay the balance of the amount due to GCBH.

### *Penalties Pursuant to Louisiana Revised Statute 9:4814*

#### XXV.

GCBH adopts and incorporates by reference all preceding paragraphs as if copied *in extenso*.

#### XXVI.

Louisiana R.S. 9:4814 imposes liability upon a contractor or subcontractor who fails to apply funds received as necessary to settle claims. Specifically, Louisiana R.S. 9:4814 provides:

> A.   No contractor, subcontractor, or agent of a contractor or subcontractor, who has received money on account of a contract for the construction, erection, or repair of a building ... shall knowingly fail to apply the money received as necessary to settle claims to sellers of movables or laborers due for the construction or under the contract. Any seller of movables or laborer whose claims have not been settled may file an action for the amount due, including reasonable attorney's fees and court costs, and for civil penalties as provided in this Section.

5

*See* La. R.S. 9:4814.

## XXVII.

Upon information and belief, Sun Coast received payments from the State of Louisiana for the work GCBH performed in support of the Project. Sun Coast, however, failed to apply these payments received from the State of Louisiana to settle the amounts due and owing to GCBH for their work in connection with this Project.

## XXVIII.

Louisiana R.S. 9:4814(C) further provides: "When the amount misapplied is greater than one thousand dollars, the civil penalties shall be not less than five hundred dollars nor more than one thousand dollars, for each one thousand dollars in misapplied funds."

## XXIX.

Louisiana R.S. 9:4814 further provides:

> A contractor, subcontractor or agent of a contractor or subcontractor who is found by the court to have knowingly failed to apply construction payments as required by Subsection A shall be ordered by the court to pay to plaintiff the penalties provided in Subsection (B) or (C), as may be applicable, and the amount due to settle the claim, including reasonable attorneys' fees and court costs.

*See* La. R.S. 9:4814(D).

## XXX.

In accordance with Louisiana R.S. 9:4814, GCBH is entitled to a judgment awarding penalties in an amount to be proven at the trial thereof, plus reasonable attorney's fees and costs against Sun Coast.

***Detrimental Reliance***

XXXI.

GCBH adopts and incorporates by reference all preceding paragraphs as if copied *in extenso*.

XXXII.

GCBH agreed to provide equipment and services for Sun Coast to support the Project as a result of Sun Coast's assurance that GCBH would be paid for its equipment and services because the Project was a State project.

XXXIII.

GCBH relied upon the representations made by Sun Coast to GCBH's detriment.

XXXIV.

GCBH was justified in its reliance on the representations made by Sun Coast.

XXXV.

GCBH changed its position as a result of those misrepresentations.

XXXVI.

As a result, GCBH has suffered damages, including but not limited to, the payments owed by Sun Coast, plus attorney's fees and costs.

XXXVII.

Sun Coast is barred from now taking a position contrary to its prior acts, admissions, representations, or silence.

7

### *Unjust Enrichment*

### XXXVIII.

GCBH adopts and incorporates by reference all preceding paragraphs as if copied *in extenso*.

### XXXIX.

Alternatively, GCBH's asserts that the conduct of Sun Coast alleged herein resulted in the unjust enrichment of Sun Coast at the expense of GCBH.

### XXXX.

Sun Coast contracted with GCBH to perform services for these projects and was only able to provide those services as a result of the equipment and services provided by GCBH. However, without justification, Sun Coast has failed to pay GCBH for the equipment and services provided despite having received the benefit of same.

### XXXXI.

Sun Coast was unjustly enriched by the equipment and services provided by GCBH.

### XXXXII.

GCBH has suffered damages as a result of Sun Coast's failure to pay for the services and equipment provided by GCBH and there is no other remedy at law available to GCBH.

### *Equitable Estoppel*

### XXXXIII.

GCBH adopts and incorporates by reference all preceding paragraphs as if copied *in extenso*.

8

XXXXIV.

Alternatively, GCBH asserts that Sun Coast is equitably estopped from now taking a position contrary to its prior acts, admissions, representations, or silence at the expense of GCBH.

**WHEREFORE,** Plaintiff prays that process in due form of law may issue, citing the Defendant to appear and answer in the time prescribed by law; that after due proceedings are had, that there be judgment in favor of Plaintiff and against Sun Coast Contracting Services, LLC, for FIFTY-FIVE THOUSAND TWO HUNDRED FORTY-EIGHT DOLLARS AND FIFTEEN CENTS ($55,248.15) together with reasonable attorneys' fees; court costs, civil penalties, and for all other and further relief to which plaintiff may in law and in justice be entitled to receive.

Respectfully submitted on *February 19*, 2013.

WAITS, EMMETT, POPP & TEICH, L.L.C.

RANDOLPH J. WAITS (13157) T.A.
JOHN F. EMMETT (1861)
JORDAN N. TEICH (32254)
MARK A. HILL (33891)
1515 Poydras Street, Suite 1950
New Orleans, Louisiana 70112
Telephone:    (504) 581-1301
Facsimile:    (504) 585-1796
E-mail:       mhill@wep-law.com
*Attorneys for Gulf Coast Bulk Handling, LLC*

PLEASE SERVE:
SUN COAST CONTRACTING SERVICES, LLC
Through its Registered Agent for Service of Process:
TAIT FAULK
3201 GENERAL DEGAULLE DRIVE, SUITE 205
NEW ORLEANS, LA 70114